_____

ROBERT L. FINCH, ET AL.,

        Plaintiffs,

v.                                           No. CIV 95-1210 BB/WWD

GENERAL ELECTRIC CAPITAL
CORPORATION, ET AL.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants' motion for a stay pending arbitration (Doc. 187). Having considered the submissions of the parties and the applicable law, the Court determines that Defendants' motion should be GRANTED.

Defendants contend the Finch Plaintiffs[1] ("Plaintiff") are required to arbitrate their claims, as many of the other plaintiffs have been required to do. Defendants maintain there was an enforceable arbitration agreement between Defendants and Plaintiff, contained in a 1984 inventory financing agreement that has been lost. In support of their contention, Defendants submitted the following evidence: (1) Starting in 1984, Defendants had a policy of requiring every mobile home dealer to sign the 1984 version of the inventory financing agreement, as a prerequisite for obtaining financing from Defendants; (2) Plaintiff acknowledged he was asked to sign such an agreement, and was told he had to sign it if he was to continue to receive financing from Defendants; (3) Plaintiff does not remember whether he signed such an agreement or not, but he did continue to have part of his inventory

_____

[1] A.E. Dustin, D&S Distributing, and Robert Finch, bankruptcy trustee

financed by Defendants in the years following 1984; (4) Defendants lost all of the signed 1984 inventory financing agreements at some point after 1984.

The above evidence, if all of it was admissible, was sufficient to make a prima facie showing that Plaintiff did sign the 1984 version of the inventory financing agreement, containing the arbitration provision. The fact that Plaintiff remembers being approached about the agreement, and then being told he had to sign it to obtain further financing, in combination with the evidence of Defendants' decision to require every dealer to sign the 1984 agreement and Plaintiff's continued receipt of financing after 1984, are persuasive evidence that Defendants actually did insist on obtaining Plaintiff's signature on the 1984 agreement and that he complied with that request.

In an effort to avoid the impact of this evidence, Plaintiff advances three contentions. First, he points to the fact that he does not remember whether or not he signed the 1984 agreement. This lack of memory, however, is not sufficient to raise an issue of fact as to that question, given the evidence recited above. *See, e.g., Cross v. United States*, 1998 WL 255054 (10th Cir.) (plaintiffs' lack of memory about signing form is entitled to very little weight in determining whether they actually signed it); *Dickey v. Baptist Memorial Hospital*, 146 F.3d 262, 266, fn. 1 (5th Cir. 1998) (mere fact that witness did not remember alleged phone call is not enough to create a genuine issue of material fact); *Chandler v. James,* 985 F.Supp. 1094, 1097 (M.D.Ala. 1997) (court is not under obligation to assume for purposes of summary judgment that an event did not occur, when witness could only state she did not remember whether event took place or not).

Plaintiff also argues that the testimony proffered by Defendants, as to their pattern and practice of requiring every dealer to sign the 1984 agreement, was not admissible and should not be considered by this Court. The Court disagrees. Defendants presented evidence that they established

a policy to require all dealers receiving inventory financing to sign the 1984 agreement. They also presented evidence that this policy was implemented. In fact, the person in charge of implementing the policy, Kenneth Haynes, submitted an affidavit stating that he was certain that all New Mexico dealers signed the 1984 agreement in 1984 or 1985, although he could not specifically recall witnessing particular dealerships sign the new agreement. Haynes and other witnesses testified that without signing the agreement, a dealer could not continue to receive inventory financing from Defendants. All of this evidence was admissible under Federal Rule of Evidence 406, as evidence of a routine business practice. *Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 219 (5th Cir. 1975); *Fritchie v. Alumax Inc.*, 931 F.Supp. 662, 676 (D.Neb. 1996). Starting in 1984, Defendants began a consistent pattern of requiring any dealer wishing to continue to receive inventory financing to sign the 1984 agreement. Evidence of that pattern is classic Rule 406 evidence. *See Vining v. Enterprise Financial Group, Inc.*, 148 F.3d 1206, 1218 (10th Cir. 1998) (evidence of a pervasive, consistent pattern of abusive rescissions was clearly relevant to question of how defendant acted in one particular case); *Rosenburg v. Lincoln American Life Ins. Co.*, 883 F.2d 1328, 1336 (7th Cir. 1989) (evidence of insurer's previous waivers of conditions in life insurance contracts was relevant to question of whether such waiver occurred in case at hand); *Cibro Petroleum Products, Inc. v. Sohio Alaska Petroleum Co.*, 602 F.Supp. 1520, 1551 (N.D.N.Y. 1985) (evidence of similar language in contracts with others admissible on use of language in contract at issue).[2]

---

[2]The Court notes Plaintiff's argument that Defendants' routine practice was not preexisting, but began in response to a decision made by Defendants in 1984. The Court does not believe this affects the admissibility of the evidence. There was evidence that Defendants implemented their policy nationwide, and uniformly required all dealers in the country to sign the 1984 agreement to continue receiving financing. Thus, the practice was widespread and impartially administered. The mere fact that Plaintiff may have been among the first group to be subjected to the requirement does not mean Defendants' actions did not constitute a routine practice. In other words, it is not the

Plaintiff's last argument directs the Court's attention to an exhibit purporting to show that signed copies of the 1984 agreement have not been located for a number of other dealers in New Mexico. According to Plaintiff, this raises a question as to whether Defendants actually did require all dealers to sign the 1984 agreement. This evidence is not persuasive, for several reasons. First, as Defendants point out, the exhibit is based on documents contained in the dealers' own files. Without further information, such as evidence that the various dealers made it a practice to keep copies of all financing documents after signing them, or that some of these dealers specifically know they did not sign the 1984 agreement, the mere fact that not all dealers had 1984 agreements in their files does not raise a question of fact as to whether they all signed such agreements.

Furthermore, even if this evidence was enough to raise a general question as to whether Defendants did successfully require all dealers to sign the 1984 agreement, it is not enough to raise a fact issue in this particular case. In this case there is evidence that Plaintiff was approached by Defendants and asked to sign the agreement; that he was told he would not receive further inventory financing unless he signed the agreement; that Defendants' practice was not to extend further financing unless a dealer signed the agreement; and that Plaintiff continued to receive inventory financing from Defendants for several years. The only thing missing is eyewitness evidence that Plaintiff actually signed the agreement. Given the evidence that is specific to this case, general evidence that Defendants may not have obtained signatures from other dealers does not raise a question as to whether Plaintiff signed the agreement.

---

longevity of a practice that determines whether it is routine, but whether it is consistent and applied similarly to all similar situations.

Based on the foregoing, the Court will grant Defendants' motion to stay this case pending arbitration.

**O R D E R**

For the above stated reasons, Defendant's motion for a stay pending arbitration (Doc. 187) is GRANTED.

Dated at Albuquerque this 9th day of February, 1999.

**BRUCE D. BLACK**
United States District Judge

Counsel for Plaintiffs:
Catherine F. Davis
Hunt, Reecer & Davis, P.C.
2632 Mesilla St. NE
Albuquerque, New Mexico 87190-0088

Bryan L. Query
Bryan L. Query, P.A.
3003 Louisiana Blvd. NE
Albuquerque, New Mexico 87110

James A. Branch, Jr.
320 Gold Ave. SW, Suite 1125
Albuquerque, New Mexico 87102

Counsel for Defendant General Electric Capital Corporation:
Andrew G. Schultz
Rodey, Dickason, Sloan, Akin & Robb, P.A.
P.O. Box 1888
Albuquerque, New Mexico 87103

Kathleen L. Beggs
Williams & Connolly
725 Twelfth Street, NW
Washington, D.C. 20005

Counsel for Defendant Security Pacific:
Thomas M. Domme
Miller, Stratvert & Torgerson, P.A.
P.O. Box 25687
Albuquerque, New Mexico 87125-5687

Larry B. Sitton
Smith Helms Mulliss & Moore, L.L.P.
P.O. Box 21927
Greensboro, North Carolina 27420